## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: THOMAS TRAVER

CASE NO.: 3:12-bk-3054 JAF

Debtor

=======================================

### NOTICE OF AMENDMENT

Comes now the Debtor, through his undersigned attorney, and gives notice, pursuant to Bankruptcy Rule No. 1009, that he is amending Schedule F of his Petition as per attached Amendment.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof, together with a copy of the attached Addendum To Schedule F,  Notice of Commencement and Notice of Conversion was furnished to Aaron Cohen, Esquire, Chapter 7 Trustee, by CM/ECF electronic filing and to the creditors as listed on the attached Addendum To Schedule F by United States Mail, postage prepaid, this 19th day of December, 2012.

Law Offices of Mickler & Mickler

By: _____

ALBERT H. MICKLER
Attorney for Debtor
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 168960

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  THOMAS A TRAVER                          CASE NO.: 3:12-bk-3054 JAF

                    Debtor.

_____

## ADDENDEM TO SCHEDULE F

Schedule F is amended to add the following creditors:

Family Care Partners
6484 Ft. Caroline Road
Jacksonville, FL  32277
   Claim for medical services 8/15/11 - 11/08/11
   Account #125151
                  $ 95.30

Advance America
10057 San Jose Blvd.
Jacksonville, FL  32257
   pay day loan          $585.00

Central Credit Union of Florida
P O Box 17048
Pensacola, FL  32522
   account fees         $689.48

## DECLARATION CONCERNING SCHEDULE F

  I declare under penalty of perjury that I have read the foregoing Addendum to Schedule F, consisting of _6_ sheets including this page, and that it is true and correct to the best of my knowledge, information and belief.

Date: _12 - 15 - 12_     SIGNATURE: _Thomas A Traver_
            THOMAS A TRAVER

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                          Case No. 3:12−bk−03054−JAF
                                                                Chapter 7

Thomas A Traver
aka Thomas Allen Traver
10515 Osprey Nest Dr. W.
Jacksonville, FL 32257

_____Debtor(s)_____/

NOTICE OF CONVERSION OF CASE TO CHAPTER 7, SETTING
341 MEETING, APPOINTMENT OF TRUSTEE
AND ESTABLISHING BAR DATES

Debtor(s) filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 4, 2012 . Debtor(s) have filed a Notice pursuant to 11 U.S.C §1307(a) to convert to a case under Chapter 7 of the Bankruptcy Code, and this case is now converted pursuant to Fed. R. Bank. P. 1017(d).

NOTICE is given of the following:

1. This case is converted to Chapter 7 of the Bankruptcy Code and administration will commence in that Chapter.

2. The Chapter 13 Trustee and his surety are discharged except as to liability incurred before this Notice. The Trustee shall refund all funds on hand, if any, to the debtor subject to the Trustee's percentage fee, unless otherwise ordered by the court.

3. The U.S. Trustee has appointed Aaron R. Cohen as the Chapter 7 Trustee, whose address is:

Aaron R. Cohen
P.O. Box 4218
Jacksonville, FL 32201−4218

4. An additional meeting of creditors pursuant to 11 U.S.C. §341 shall be held on January 3, 2013 at 1:00 p.m. at 300 North Hogan Street Suite 1−200, Jacksonville, Florida 32202.

5. March 4, 2013 is fixed as the last day for filing of a complaint objecting to the discharge of the debtor(s) or seeking an exception to discharge under 11 U.S.C. §523(a)(2), (4) or (6). If no such complaint is timely filed, the discharge will be granted and will encompass all otherwise non−dischargeable debts.

6. The trustee in the superseded Chapter 13 case shall, within thirty (30) days of the entry of this notice, file a full report and account.

7. The debtor in accordance with Fed. R. Bank. P. 1019(5) shall, within fourteen (14) days of the entry of this notice, file: (a) a separate schedule listing all unpaid debts incurred after commencement of the Chapter 13 case, including the name and address of each creditor, (b) a schedule of all properties acquired after the commencement of the Chapter 13 case but before the entry of the order of confirmation and entry of this notice of conversion (if applicable), (c) a schedule of all executory contracts and unexpired leases entered into or assumed after the commencement of the Chapter 13 case, but before the entry of this conversion notice.

8. Any creditor who has filed a proof of claim in the Chapter 13 case is not required to file a proof of claim in the converted Chapter 7 case. All other creditors must file a proof of claim on or before April 3, 2013.

9. The debtor(s) shall serve a copy of the Statement of Social Security Number(s) (Form B21 Official Form 21) on the newly appointed trustee within seven(7) days of the entry of this notice.

Dated November 26, 2012.

For the Court
Lee Ann Bennett, Clerk of Court
300 North Hogan Street Suite 3–350
Jacksonville, FL 32202

Copies furnished to:
All Interested Parties

**FORM B9I** (Chapter 13 Case) (12/10)                                      Case Number **3:12–bk–03054–JAF**

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

# Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines
The debtor(s) listed below filed a chapter 13 bankruptcy case on 5/4/12 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Thomas A Traver
aka Thomas Allen Traver
10515 Osprey Nest Dr. W.
Jacksonville, FL 32257

| | |
|---|---|
| Case Number:<br>3:12–bk–03054–JAF | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx–xx–2872 |
| Attorney for Debtor(s) (name and address):<br>Albert H. Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211<br>Telephone number:  904–725–0822 | Bankruptcy Trustee (name and address):<br>Douglas W. Neway<br>P O Box 4308<br>Jacksonville, FL 32201<br>Telephone number:  904–358–6465 |

## Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones and computers into the Courthouse.

Date: **June 18, 2012**                                        Time: **09:00 AM**
Location: **FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202**

## Deadlines
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): 9/17/12      For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): 180 days from the date of filing
**Creditor with a Foreign Address**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Challenge Dischargeability of Certain Debts: 8/17/12

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
The plan or a summary of the plan will be sent separately. The hearing on confirmation will be held:
Date: 7/31/12, Time: 01:30 PM, Location: 300 North Hogan Street, 4th Floor – Courtroom 4D, Jacksonville, FL 32202

1. All exhibits must be pre–marked and listed in accordance with Local Rule 9070–1.   2. The hearing may be continued upon announcement made in open court without further notice.   3.  Any party opposing the relief sought at this hearing must appear at the hearing or any objections or defenses may be deemed waived.   4.  You are reminded that Local Rule 5072–1(b)(16) requires that all persons appearing in court should *dress in business attire*.   5. Secured Creditors are advised that the payment amount, frequency of payments and valuation of collateral as described in the debtor(s)plan will become effective with the Confirmation Order unless the affected secured creditor files an objection. Such objection must be filed with the Clerk, U.S. Bankruptcy Court, 300 North Hogan Street Suite 3–350, Jacksonville, Florida, 32202, and will be heard at the Confirmation Hearing.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office:<br>300 North Hogan Street Suite 3–350<br>Jacksonville, FL 32202<br>Telephone number:  904–301–6490 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open:  Monday – Friday 8:30 AM – 4:00 PM | Date: 5/10/12 |

Case 3:12-bk-03054-JAF    Doc 8    Filed 03/09/12    Page 6 of 6

## EXPLANATIONS

FORM B9I (12/07)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. **Attention Mortgage Holders:** Attachments to your Proof of Claim may be required by changes to Rule 3001. Forms and attachments are available at (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code §727(a)(8) or (a)(9) you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Challenge Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline.<br>Individual debtors in Chapter 13 cases must complete an instructional course in personal financial management in order to receive a discharge under chapter 13. A statement regarding completion of the course must be filed no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge, the debtor must file a motion to reopen, with the appropriate filing fee, in order to file the statement and obtain a discharge of debts. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### — Refer to Other Side for Important Deadlines and Notices —

| | |
|---|---|
| Voice Case Info. System (VCIS) | For use with a touch–tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a |